United States District Court
Southern District of Texas
**ENTERED**
May 27, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| THOMAS HENNIGAR, individually and on behalf of all others similarly situated,<br><br>*Petitioner*,<br><br>v.<br><br>APPLIED CONSULTANTS, INC.<br><br>*Respondent*. | §<br>§<br>§<br>§<br>§<br>§ MISCELLANEOUS ACTION H-21-889<br>§<br>§<br>§<br>§ |

## ORDER

Pending before the court is a discovery order ("DO") (Dkt. 22) in which the Magistrate Judge recommends that this court grant, as modified, petitioner Thomas A. Hennigar's motion to enforce compliance with a third-party subpoena (Dkt. 1). Respondent Applied Consultants, Inc. ("Applied") objected to the DO, Hennigar responded, and Applied replied. Dkts. 23–24, 29.

Pursuant to Federal Rule of Civil Procedure 72(a), the court "must consider timely objections" to a magistrate's order resolving a nondispositive matter, "and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). A decision is clearly erroneous when the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *United States v. Stevens*, 487 F.3d 232, 240 (5th Cir. 2007) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). A legal conclusion is contrary to law when the magistrate judge fails to apply or misapplies relevant statutes, caselaw, or rules of procedure. *Ambrose-Frazier v. Herzing Inc.*, No. 15-1324, 2016 WL 890406, at *2 (E.D. La. Mar. 9, 2016).

The DO pertains to a nondispositive motion and should therefore be considered under Rule 72(a). A party is permitted to obtain discovery from a third party via subpoena under Federal Rule

of Civil Procedure 45 as long as the discovery sought is nonprivileged, relevant, and proportional to the needs of the case.  Fed. R. Civ. P. 45; *see also* Fed. R. Civ. P. 26(b)(1).  Hennigar seeks contact information from Applied for inspectors that Applied supplied to Targa. Dkt. 1 at 1–2.  Hennigar wants to send notice to these inspectors, giving them a chance to opt in to his conditionally certified FLSA collective action.  *Id.*  Applied has produced arbitration agreements for all of the inspectors it supplied to Targa.  Dkt. 4-1.  The court finds that the language in the arbitration agreements is broad enough to encompass any claims that Applied's inspectors would have against Targa.

The Fifth Circuit held in 2019 that "district courts may not send notice to an employee with a valid arbitration agreement unless the record shows that nothing in the agreement would prohibit that employee from participating in the collective action." *In re JP Morgan Chase & Company*, 916 F.3d 494, 501 (5th Cir. 2019).  In justifying the holding, the Fifth Circuit explained that the "purpose of giving discretion to facilitate notice is because of the need for 'efficient resolution in one proceeding of common issues.'" *Id.* at 502.  But "[n]otifying Arbitration Employees reaches into disputes beyond the 'one proceeding.'" *Id.*  "And alerting those who cannot ultimately participate in the collective 'merely stirs up litigation,'" which is flatly proscribed.  *Id.*

Because the court is proscribed from sending notice of the FLSA collective action to Applied's inspectors due to their arbitration agreements, their contact information is not discoverable because it is not relevant.  *See* Fed. R. Civ. P. 26(b)(1).  Thus, the DO is contrary to law and the court cannot adopt it.[1]

---

[1] The court notes that the Magistrate Judge was clearly aware of the complexities in this miscellaneous action and the delicate procedural posture.  She designed an elegant solution, granting a modified motion that limited the information Applied was required to produce and requiring that it only be produced to a neutral claims administrator.  Dkt. 22 at 5.  She also wrote that she was doing so to allow Applied to make its *In re JP Morgan* arguments in the underlying action before this court.  The conclusion the court reaches today that the DO is contrary to law is in no way a rebuke of how she handled the motion to enforce.

After reviewing the DO, objections, response, and reply, and having held a telephone conference with the parties to this miscellaneous action as well as Targa Resources Group, Corp., the defendant in the underlying action, the court concludes that the DO is contrary to law and should be set aside in its entirety. Therefore, Applied's objections are SUSTAINED, and Hennigar's motion to enforce the third-party subpoena in this case is DENIED.

Signed at Houston, Texas on May 26, 2021.

_____
Gray H. Miller
Senior United States District Judge